IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

AUSTIN HILL, *et al.*,

    Plaintiffs,

v.                                                           No.: 1:12-cv-01035-JDB-egb

HSBC NORTH AMERICA HOLDINGS,
INC., *et al.*,

    Defendants.

_____

ORDER OF DISMISSAL
_____

    Plaintiffs, Austin Hill and Lula Scott, filed a civil action against Defendants, HSBC North America Holdings, Inc. and HSBC Benefits Administrative Committee, in relation to the payment of life insurance and other benefits. (Docket Entry ("D.E.") 1.) On July 27, 2012, the Defendants, moved to dismiss Plaintiffs' state law claims; claims for compensatory, punitive, and other extra-contractual damages; and Plaintiffs' jury demand . (D.E. 15.) Upon the Plaintiffs' failure to respond to the motion, the Court on September 5, 2012 directed them to show cause, within eleven days, why these claims should not be dismissed for failure to prosecute. (D.E. 16.) The Plaintiffs were advised therein that "[f]ailure to respond within the time period permitted herin may result in dismissal of the claims against [the Defendants]." (Id. at 1-2.) To date, no response to the Court's show cause order has been filed.

    Rule 41(b) provides for dismissal of actions for failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ." Fed. R. Civ. P. 41(b). It is well-settled that a district court may enter an order of dismissal *sua sponte* under Rule 41(b). Rogers v. City of Warren, 302 F. App'x 371, 375 n.4 (6th Cir. 2008). The authority to dismiss a case

or claims under the Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted), *reh'g & suggestion for reh'g en banc denied* (June 30, 1999).  District courts are permitted substantial discretion in determining whether dismissal is appropriate.  Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."  Id. at 737.

In this case, the Plaintiffs, who are represented by counsel, failed to respond to Defendants' motion to dismiss and to the Court's September 5, 2012 show cause order.  The necessity of monitoring claims that the Plaintiffs apparently have no desire to pursue negatively impacts the Defendants and the Court's ability to manage its docket. The Plaintiffs were informed in the Court's September 5 show cause order that failure to respond in a timely fashion may result in dismissal of those claims addressed in Defendants' motion to dismiss.  Under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiffs' failure to move this case forward.

Based on the foregoing, Plaintiffs' state law claims; claims for compensatory, punitive, and other extra-contractual damages; and jury demand are DISMISSED.

IT IS SO ORDERED this 27th day of September 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE